## LIS PENDENS.

PARKS *v.* JACKSON, *ex dem.* HARDWICK, 11 Wend. 442.

1. *Lis Pendens.* 2. *Parties to Suit in Equity.* 3. *Possession; Constructive Notice to Purchaser.*

THE Supreme Court held that this case was decided by that of *Parks* v. *Andrews and al.* 7 Wend. 152, and that the conveyance to the defendant's vendor, *pendente lite,* was void; notice of *lis pendens* having been filed, on the filing of a bill in Chancery to avoid the deed made by the original owners to the vendors, under whom the tenants claimed, who had entered and made various improvements, and paid off several incumbrances.

The Court of Errors held, on the other hand, that "a purchaser of land who by the terms of his contract has a right to take possession, and has time for the payment of the purchase money, and who takes possession, makes valuable improvements, pays the purchase money, and obtains a deed, is not affected by the rule that a conveyance obtained *pendente lite,* is void; although such purchase money be paid, and a deed obtained *subsequent* to the commencement of a suit in Chancery, against his vendor to avoid his title, as fraudulently obtained; and in which suit a decree is made, adjudging the deed to his vendor to be void in law; such purchaser having entered into the contract under which he took possession, *previous* to the filing of the bill, without *actual notice* of the fraud of his vendor—not having been made a party to the Chancery suit—and independent of the decree, his vendor having had the legal title at the date of the purchase.

Such a purchaser, in *actual* possession of lands *under contract,* and who had made improvements, &c., in pursuance of the terms of his agreement, should be made a party to a bill in equity, filed to avoid the title of the vendor, so that the court may protect the equitable rights of all interested in the lands.

A purchaser at a sheriff's sale is chargeable with *constructive* notice of the equitable rights of a *vendee* of the judgment debtor, and takes his title subject to those rights, where the vendee is in the *actual* possession of the premises, under a contract made *prior* to the attaching of the lien of the judgment.

Judgment accordingly *reversed*, 20 to 1; Walworth, Chancellor, only voting to *affirm*.

---

## LOAN COMMISSIONERS.